## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ZIMMER TECHNOLOGY, INC. and
ZIMMER, INC.,

      Plaintiffs,

      v.

INNOMED, INC.,

      Defendant.

Civil Action No. 05-494 JJF

**JURY TRIAL DEMANDED**

## AFFIDAVIT PURSUANT TO D. DEL. LR 4.1 (b)

STATE OF DELAWARE      :
                            : SS:
COUNTY OF NEW CASTLE   :

      **BE IT REMEMBERED** that on this 6th day of September, A.D. 2005, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, Mary B. Matterer, attorney for the Plaintiffs, who being sworn according to law did depose and say as follows:

      1.      That to the best of her knowledge, the Defendant Innomed, Inc. is a nonresident of the State of Delaware whose name and address is as follows:

                Innomed, Inc.
                103 Estus Drive
                Savannah, GA  31404

      2.      That on July 15, 2005, the Complaint in the above-captioned action was filed; that on August 15, 2005 the Clerk issued a Summons to serve the Secretary of State pursuant to 10 Del. C. § 3104.

      3.      That on August 17, 2005, the Return of Service was filed, a copy of which is attached as Exhibit A.

4.      That on August 17, 2005, Richard K. Herrmann, Esquire, caused a copy of the Notice, attached hereto as Exhibit B, to be mailed by Registered Mail to the following defendant: Innomed, Inc.

5.      That on August 25, 2005, he, Richard K. Herrmann, Esquire, received from the postal authority the domestic return receipt attached hereto as Exhibit C.

6.      That the said receipt has the same registered number, to-wit: RB 420 632 016 US, as the receipt received at the time of the mailing of said notice, attached hereto as Exhibit D.

Dated: September 6, 2005

Mary B. Matterer #2696
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
mmatterer@morrisjames.com

Attorneys for Plaintiffs
Zimmer Technology, Inc. and Zimmer, Inc.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid:

Notary Public

DONNA B. PETCHEL
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Sept. 30, 2007

# EXHIBIT   A

## Service of Process:
1:05-cv-00494-JJF Zimmer Technology, Inc. et al v. Innomed Inc.

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Herrmann, Richard entered on 8/17/2005 at 11:58 AM EDT and filed on 8/17/2005

**Case Name:** Zimmer Technology, Inc. et al v. Innomed Inc.
**Case Number:** 1:05-cv-494
**Filer:** Zimmer Inc.
Zimmer Technology Inc.

**Document Number:** 6

**Docket Text:**
Return of Service Executed by Zimmer Technology Inc., Zimmer Inc.. Innomed Inc. served on 8/15/2005, answer due 9/6/2005. (Herrmann, Richard)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/17/2005] [FileNumber=86442-0]

[12b5dcca96933c747549887bff5cb8ebedfd267bfa0c5fbcd68062f5a5028040f7e5c
b77b6b30acd8f59903d494c4cc82816014cc24db031544d2ebe06e3776a]]

**1:05-cv-494 Notice will be electronically mailed to:**

Richard K. Herrmann    rherrmann@morrisjames.com,

**1:05-cv-494 Notice will be delivered by other means to:**

**ORIGINAL**

✎ AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of  Delaware

Zimmer Technology, Inc. and Zimmer, Inc.
          Plaintiffs,

**ALIAS**    **SUMMONS IN A CIVIL CASE**

V.

Innomed, Inc.
          Defendant

CASE NUMBER:  05-494 JJF

**TO:** (Name and address of Defendant)
Innomed, Inc.
c/o Delaware Secretary of State
401 Federal Street, Suite 3
Dover, DE  19901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard K. Herrmann, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
302.888.6800

an answer to the complaint which is served on you with this summons, within _____Twenty (20)_____ days after service of this summons on you, exclusive of the day of service. If you fail  to do so, judgment by default  will be taken against you for the relief  demanded  in the complaint. Any answer  that  you serve on the parties  to  this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

8-15-05

_____
CLERK

DATE

_____
(By) DEPUTY CLERK

2002 © American LegalNet, Inc.

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[(1)] | DATE *August 15, 2005* |
|---|---|
| NAME OF SERVER *(PRINT)* *Edward Jones* | TITLE *Process Server* |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where *Secretary of State of Delaware, 401 Federal Street Dover DE 19901. Service Accepted by Shawn Moore at 4:29 pm*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were _____

☐ Returned _____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *8/15/05*
Date

*Edward Jones I*
Signature of Server

*32 Lockerman & St 109 Dover DE 19904*
Address of Server

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT   B

# MORRIS, JAMES, HITCHENS & WILLIAMS LLP

222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801-1621
(302) 888-6800
Facsimile (302) 571-1751
www.morrisjames.com

Richard K. Herrmann
(302) 888-6816
rherrmann@morrisjames.com

Mailing Address
P.O. Box 2306
Wilmington, DE 19899-2306

August 17, 2005

**VIA REGISTERED MAIL NO. RB 420 632 016 US**
**RETURN RECEIPT REQUESTED**

Innomed, Inc.
103 Estus Drive
Savannah, GA 31404

    Re: *Zimmer Technology, Inc. and Zimmer, Inc. v. Innomed, Inc.*
       **D. Del., C.A. No. 05-494 JJF**

To whom it may concern:

   Please be advised that Innomed, Inc. has been served with Process (Summons) and Complaint in Delaware pursuant to 10 Del. C. § 3104. Service of the original Summons and Complaint in the above referenced case has been made upon the Delaware Secretary of State as agent for acceptance of legal process. Under 10 Del. C. § 3104, such service is as effectual to all intents and purposes as if it had been made upon Innomed, Inc. within Delaware.

   Enclosed please find a copy of the Summons and Return of Service and the Complaint. Thank you for your attention to this matter.

          Yours,

          Richard K. Herrmann

RKH/sch
Enclosures

**ORIGINAL**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of  Delaware

Zimmer Technology, Inc. and Zimmer, Inc.
Plaintiffs,

**ALIAS**   **SUMMONS IN A CIVIL CASE**

V.

Innomed, Inc.
Defendant

CASE NUMBER:  05-494 JJF

TO: (Name and address of Defendant)

Innomed, Inc.
c/o Delaware Secretary of State
401 Federal Street, Suite 3
Dover, DE  19901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard K. Herrmann, Esq.
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
302.888.6800

an answer to the complaint which is served on you with this summons, within _____ Twenty (20) _____ days after service
of this summons on you, exclusive of the day of service. If you fail  to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

PETER T. DALLEO

8-15-05

CLERK

DATE

(By) DEPUTY CLERK

2002 © American LegalNet, Inc.

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE _August 15, 2005_ |
| NAME OF SERVER *(PRINT)* _Edward Jones_ | TITLE _Process Server_ |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where _Secretary of State of Delaware, 401 Federal Street Dover DC 19901. Service Accepted by Shawn Maree at 4:29 pm_

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were _____

☐ Returned _____

_____
_____

☐ Other (specify): _____

_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _8/15/05_        _Edward J Jones I_
             *Date*              *Signature of Server*

_32 Lockerman St St 109 Dover DC 19901_
*Address of Server*

_____

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

05- 494

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ZIMMER TECHNOLOGY, INC. and ZIMMER, INC.

## DEFENDANTS

INNOMED, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY).**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Richard K. Herrmann/Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
302-888-6800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | Transferred from ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | Appeal to District Judge from ☐ 7 Magistrate Judgment |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | SOCIAL SECURITY | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | LABOR | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | & Disclosure Act | FEDERAL TAX SUITS | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | or Defendant) | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS – Third Party | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action for patent infringement under 35 U.S.C. §§ 271 et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY:
(See instructions):    JUDGE    DOCKET NUMBER

DATE

July 15, 2005

SIGNATURE OF ATTORNEY OF RECORD

*RKH*

FOR OFFICE USE ONLY

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____ District of _____

|  |  |
|---|---|
| Plaintiff | NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| V. |  |
| Defendant | Case Number: 0 5 - - 4 9 4 |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| _____ | _____ |
|---|---|
| Date | United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**



FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JUL 15  PM 12: 48

ZIMMER TECHNOLOGY, INC., a Delaware
corporation, and ZIMMER, INC., a Delaware
corporation,

       Plaintiffs,

       v.

INNOMED, INC., a Delaware corporation,

       Defendant.

Civil Action No. _____

**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned attorney of

record for Plaintiffs Zimmer Technology, Inc. and Zimmer, Inc. certifies that:

    (1)    Zimmer Holdings, Inc. is the sole owner of Zimmer, Inc., which is the sole owner

of Zimmer Technology, Inc.;

    (2)    Zimmer Holdings, Inc. is a publicly-held corporation.

Dated: July 15, 2005          By:

Richard K. Herrmann (I.D. #405)
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, Delaware 19801
(302) 888-6800
(302) 571-1750  Facsimile
rherrmann@morrisjames.com

Michael H. Baniak
Christina L. Brown
William F. Ward III
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois  60606
(312) 673-0360
(312) 673-0361  Facsimile

Attorneys for Plaintiffs
ZIMMER TECHNOLOGY, INC. and ZIMMER, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**



FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 JUL 15  PM 12:48

| | |
|---|---|
| ZIMMER TECHNOLOGY, INC., a Delaware corporation, and ZIMMER, INC., a Delaware corporation, | |
|     Plaintiffs, | Civil Action No. _____ 05 - 484 |
| v. | **JURY TRIAL DEMANDED** |
| INNOMED, INC., a Delaware corporation, | |
|     Defendant. | |

**COMPLAINT**

Plaintiffs, Zimmer Technology, Inc. and Zimmer, Inc. ("Zimmer") for their Complaint against Defendant, Innomed, Inc. ("Innomed") allege:

**PARTIES, JURISDICTION AND VENUE**

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

2.    Plaintiff Zimmer, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 345 East Main Street, Warsaw, Indiana, 46581. Plaintiff Zimmer Technology, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 150 N. Wacker Drive, Suite 1825, Chicago, Illinois 60606.

3.    On information and belief, Defendant Innomed, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 103 Estus Drive, Savannah, Georgia, 31404.

## CLAIM FOR RELIEF

4.    On May 20, 2003, United States Letters Patent No. 6,565,575 ("the '575 Patent") entitled "Method And Apparatus For Removing An Acetabular Cup" was duly and legally issued by the United States Patent and Trademark Office to Randall J. Lewis.  A true and correct copy of the '575 Patent is attached as Exhibit A to this Complaint.

5.    The '575 Patent is valid and subsisting.

6.    Zimmer is the exclusive licensee with right to bring suit for infringement. Zimmer has all substantial rights as exclusive licensee, including the right to recover damages and to obtain all other relief requested herein.

7.    On information and belief, without license or authorization, Innomed, Inc. has been and is infringing one or more claims of the '575 Patent in the United States by making, using, selling, and offering for sale in the United States, including within this judicial district, products which embody inventions claimed in the '575 Patent, including at least products sold under the name Universal Hip Cup Removal System.  On information and belief, without license or authorization, Innomed, Inc. has also been and is inducing others to directly infringe the '575 Patent in the United States including within this judicial district.

8.    On information and belief, Innomed, Inc. has had knowledge of the '575 Patent since at least shortly after its issuance.  On information and belief, Innomed, Inc.'s acts of infringement as set out in the previous paragraphs have been deliberate and willful, and in reckless disregard of Plaintiffs' patent rights.

9.    Plaintiffs have been damaged by the infringing activities of Innomed, Inc.  On information and belief, Innomed, Inc. will continue its infringing activities, and continue to damage Plaintiffs, unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiffs respectfully demand a trial by jury and judgment against Defendant Innomed, Inc. as follows:

(a)    That this Court adjudge that as Zimmer is the exclusive licensee of the '575 Patent, it has all rights of recovery under the '575 Patent;

(b)    That this Court adjudge that Innomed, Inc. has been infringing the '575 Patent;

(c)    That Innomed be ordered to deliver up for destruction all infringing products and systems in its possession;

(d)    That this Court issue a preliminary injunction and a permanent injunction enjoining Innomed, Inc. and its officers, agents, servants and employees, privies, and all persons in active concert or participation with them from further infringement of the '575 Patent;

(e)    That this Court ascertain and award damages sufficient to compensate Plaintiffs for the infringement and that the damages so ascertained be trebled and awarded with interest;

(f)    That this Court find this case to be exceptional as to Defendant pursuant to 35 U.S.C. §285, and award attorneys fees, costs and expenses to Plaintiffs in this action; and

(g)    That this Court award Plaintiffs such other relief as the Court may deem just and proper.

Dated: July 15, 2005                    By:  _____
                                             Richard K. Herrmann (I.D. #405)
                                             MORRIS, JAMES, HITCHENS &
                                             WILLIAMS LLP
                                             222 Delaware Avenue, 10th Floor
                                             Wilmington, Delaware 19801
                                             (302) 888-6800
                                             (302) 571-1750  Facsimile
                                             rherrmann@morrisjames.com

                                             Michael H. Baniak
                                             Christina L. Brown
                                             William F. Ward III
                                             BANIAK PINE & GANNON
                                             150 N. Wacker Drive, Suite 1200
                                             Chicago, Illinois  60606
                                             (312) 673-0360
                                             (312) 673-0361  Facsimile

                                             Attorneys for Plaintiffs
                                             ZIMMER TECHNOLOGY, INC. and
                                             ZIMMER, INC.

# EXHIBIT   A



US006565575B2

(12) **United States Patent**    (10) **Patent No.:**    **US 6,565,575 B2**

Lewis    (45) **Date of Patent:**    **May 20, 2003**

---

(54) **METHOD AND APPARATUS FOR REMOVING AN ACETABULAR CUP**

(76) Inventor: **Randall J. Lewis**, 2021 K. St. NW., Washington, DC (US) 20006

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/953,827**

(22) Filed: **Sep. 17, 2001**

(65) **Prior Publication Data**

US 2002/0116007 A1 Aug. 22, 2002

**Related U.S. Application Data**

(60) Provisional application No. 60/269,615, filed on Feb. 16, 2001.

(51) Int. Cl.[7] ................................................ A61B 17/58
(52) U.S. Cl. ........................................................ 606/99
(58) Field of Search .............................. 606/81, 91, 99, 606/86, 82; 623/22.21

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,830,215 A | * | 11/1998 | Incavo et al. | 606/79 |
| 5,919,195 A | * | 7/1999 | Wilson et al. | 606/80 |
| 6,022,357 A | * | 2/2000 | Reu et al. | 606/99 |

| | | | | |
|---|---|---|---|---|
| 6,059,833 A | * | 5/2000 | Doets | 623/22.21 |
| 6,063,123 A | * | 5/2000 | Burrows et al. | 623/22.21 |
| 6,063,124 A | * | 5/2000 | Amstutz | 623/22.21 |
| 6,152,930 A | * | 11/2000 | Mastrorio | 606/99 |
| 6,395,005 B1 | * | 5/2002 | Lovell | 606/91 |

* cited by examiner

*Primary Examiner*—Eduardo C. Robert
(74) *Attorney, Agent, or Firm*—Baker & Daniels

(57) **ABSTRACT**

The present invention provides an improved method and apparatus for removing an acetabular cup from an acetabulum. An osteotome instrument includes an elongated handle shaft terminating in a head portion. One of a plurality of interchangeable spherical heads, and one of a plurality of interchangeable osteotomes having curved blades, may be attached to the head portion of the instrument, and are selected based upon the size of the acetabular cup to be removed. In use, the spherical head of the instrument is seated within the recess of the liner of the acetabular cup such that the end of the osteotome blade is disposed closely adjacent the rim of the acetabular cup. Thereafter, the handle shaft of the instrument may be pivoted and/or rotated to make several cuts with the curved osteotome blade, which are closely adjacent the outer hemispherical surface of the acetabular cup, until the acetabular cup may be removed from the acetabulum.

**18 Claims, 4 Drawing Sheets**





FIG_1



FIG. 2



FIG. 3

FIG. 4



FIG. 5



FIG. 6

FIG. 7

US 6,565,575 B2

1

# METHOD AND APPARATUS FOR REMOVING AN ACETABULAR CUP

## CROSS REFERENCE TO RELATED APPLICATIONS

This application claims the benefit under Title 35, U.S.C. §119(e) of U.S. Provisional Patent Application Ser. No. 60/269,615, entitled METHOD AND APPARATUS FOR REMOVING AN ACETABULAR CUP, filed on Feb. 16, 2001.

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates to ball-and-socket prosthetic hip joints, which include an acetabular cup positioned within a patient's acetabulum to serve as the socket for the hip joint, and more particularly, to a method and apparatus for removing the acetabular cup from the acetabulum.

### 2. Description of the Related Art

Prosthetic ball-and-socket hip joints generally include a femoral component and an acetabular component, the acetabular component including an acetabular cup positioned in a patient's acetabulum which serves as the "socket" for the hip joint. The acetabular cup is typically made of stainless steel or titanium, having a hemispherical outer surface which can be roughened to allow the acetabular bone to grow therein to anchor the acetabular cup within the acetabulum. Additionally, a liner of suitable material, such as ultra-high molecular weight polyethylene (UHMWPE) for example, is received within the acetabular cup, and includes a hemispherical recess for receiving the ball end of the femoral component of the prosthetic hip joint.

During a prosthetic hip joint revision procedure, the acetabular cup is removed from the acetabulum and replaced with a new acetabular cup. To remove the acetabular cup, a chisel-like osteotome is used, which includes a blade for cutting through the acetabular bone surrounding the hemispherical outer surface of the acetabular cup, and a head which may be struck by a mallet to drive the blade through the bone adjacent the acetabulum. In use, the blade of the osteotome is positioned near the acetabular cup, and the head of the osteotome is struck with the mallet to make a cut in the bone adjacent the acetabular cavity near the acetabular cup. Thereafter, the osteotome is withdrawn and repositioned, and the procedure is repeated until sufficient cuts have been made around the acetabular cup to permit removal thereof from the acetabulum. Thereafter, a new acetabular cup is positioned within the acetabulum.

What is needed is an improved apparatus and method for quickly and easily removing an acetabular cup from an acetabulum with minimal loss of acetabular bone, while preserving a relatively intact, hemispherical acetabular recess into which a new acetabular cup may be fitted.

## SUMMARY OF THE INVENTION

The present invention provides an improved method and apparatus for removing an acetabular cup from an acetabulum. A surgical kit includes an osteotome instrument having an elongated handle shaft terminating in a head portion, and a plurality of interchangeable osteotomes and pivot elements, such as spherical heads, which may be attached to the head portion of the instrument. Each spherical head is sized to be received within the recess of an acetabular cup liner of a corresponding size, and at least two osteotomes, having curved blades of different lengths, are sized for use

2

with acetabular cups of different sizes. When a corresponding spherical head and osteotome are attached to the instrument, the spacing between the osteotome blade and center of the spherical head corresponds to the spacing between the center of the recess in the acetabular cup liner and the rim of the acetabular cup. The blade of each osteotome is curved to generally match the curvature of the outer hemispherical surface of the acetabular cup.

In use, the spherical head of the instrument is seated within the recess of the acetabular cup liner such that the end of the osteotome blade is disposed closely adjacent the rim of the acetabular cup. In this manner, the position of the blade is fixed relative to the rim of the acetabular cup due to the seating of the spherical head within the recess of the acetabular cup liner and the spacing between the osteotome blade and the spherical head. Thereafter, the handle shaft of the instrument may be pivoted and/or rotated to make several cuts with the curved osteotome blade which are closely adjacent the outer hemispherical surface of the acetabular cup, until the acetabular cup may be removed from the acetabulum.

In one embodiment of the present method, a first osteotome having a short blade may be used to cut around the outer hemispherical surface of the acetabular cup to a first depth. Thereafter, the first osteotome is removed from the instrument, and a second osteotome having a longer blade is attached thereto. The second osteotome is then used to cut around the outer hemispherical surface of the acetabular cup to the apex thereof, after which the acetabular cup may be removed.

Each osteotome blade may include a cutting surface along the end thereof for cutting acetabular bone in an arc from the rim of the acetabular cup toward the apex thereof, as well as a pair of side cutting surfaces for cutting in an orbital manner about the acetabular cup.

The handle shaft of the instrument may include a radially projecting handle lever to facilitate rotation of the instrument, and an impaction head at a proximal end of the handle shaft which may be struck by a mallet as necessary to drive the osteotome blade.

Advantageously, the seating of the spherical head of the instrument within the recess of the acetabular cup liner centers the instrument with respect to the acetabular cup, with the osteotome blade spaced a fixed distance from the spherical head and closely adjacent the outer hemispherical surface of the acetabular cup. Thus, the osteotome blade is guided during cutting by the spherical head to cut closely adjacent the acetabular cup such that loss of acetabular bone is minimized, and an intact, hemispherically-shaped acetabular recess remains after removal of the acetabular cup into which a new acetabular cup may be fitted.

Additionally, removal of an acetabular cup using the present instrument and method requires much less time than acetabular cup removal using prior osteotomes, thereby shortening the length of a prosthetic hip joint revision procedure.

In one form thereof, the present invention provides an apparatus for removing an acetabular cup from an acetabulum, the apparatus including a handle; a pivot element connected to the handle, the pivot element dimensioned to be received within an acetabular cup; and a blade connected to the handle and spaced from the pivot element, such that when the pivot element is received within the acetabular cup, the blade is disposed externally of the acetabular cup closely adjacent an outer surface of the acetabular cup.

**3**

In another form thereof, the present invention provides a kit for removing an acetabular cup from an acetabulum, including an osteotome instrument; a spherical head removably mountable to the instrument, said spherical head sized to be received within an acetabular cup; and a blade removably mountable to the instrument.

In another form thereof, the present invention provides a method for removing an acetabular cup from an acetabulum, the acetabular cup having an outer surface, the method including the steps of providing an instrument including a spherical head and a blade, the spherical head and the blade spaced from one another; seating the spherical head within the acetabular cup; moving the instrument to make a series of cuts with the blade which are closely adjacent the outer surface of the acetabular cup; and removing the acetabular cup from the acetabulum.

### BRIEF DESCRIPTION OF THE DRAWINGS

The above-mentioned and other features and advantages of this invention, and the manner of attaining them, will become more apparent and the invention itself will be better understood by reference to the following description of an embodiment of the invention taken in conjunction with the accompanying drawings, wherein:

FIG. 1 is a perspective view of the components of a surgical kit in accordance with the present invention, including an osteotome instrument, an interchangeable spherical head, a pair of interchangeable blades, a torque wrench, and an adaptor;

FIG. 2 is a perspective view of an acetabulum of a hip joint including an acetabular cup fitted therein, and an osteotome instrument of the present invention being operatively coupled thereto;

FIG. 3 is a partial sectional view through the acetabulum of FIG. 2, showing the spherical head of the osteotome instrument of FIG. 2 seated within the acetabular cup liner of the acetabular cup prior to cutting with an osteotome having a short blade;

FIG. 4 is a partial sectional view showing the osteotome instrument of FIG. 3 in a pivoted position, the osteotome blade cutting bone adjacent the acetabulum to a first depth;

FIG. 5 is a partial sectional view showing the osteotome instrument of FIG. 3 with an osteotome having a long blade attached thereto, the osteotome blade cutting bone adjacent the acetabulum to a second depth at the apex of the acetabular cup;

FIG. 6 is a front perspective view of an interchangeable osteotome having a long blade, for use with the osteotome instrument of FIGS. 2–5; and

FIG. 7 is a rear perspective view of the interchangeable osteotome of FIG. 6.

Corresponding reference characters indicate corresponding parts throughout the several views. The exemplification set out herein illustrates one preferred embodiment of the invention, in one form, and such exemplification is not to be construed as limiting the scope of the invention in any manner.

### DETAILED DESCRIPTION

Referring to FIG. 1, surgical kit 10 is shown, which generally includes osteotome instrument 12, one of a plurality of interchangeable pivot elements such as spherical heads 14, a plurality of interchangeable osteotomes 16a, 16b, torque wrench 18 and adaptor 20 for securing osteotomes 16a, 16b to osteotome instrument 12. Osteotome

**4**

instrument 12 includes handle shaft 22 having head 24 at a distal end thereof, and impaction head 26 threaded onto a proximal end thereof. Handle lever 27 is threaded into shoulder 28 of handle shaft 22. Handle shaft 22 and handle lever 26 may be grasped to manipulate osteotome instrument 12, as described in further detail below.

Head 24 of osteotome instrument 12 includes threaded shaft 30 projecting therefrom generally parallel to handle shaft 22, onto which spherical head 14 may be threaded to attach spherical head 14 to osteotome instrument. Spherical head 14 includes a substantially spherical pivot surface 32 with a plurality of indentations 34 therein to allow spherical head 14 to be easily grasped during attachment of spherical head 14 to threaded shaft 30, or detachment therefrom. Surgical kit 10 may include a plurality of spherical heads 14 of different diameters for use with acetabular cup liners of different sizes, each spherical head 14 including one or more osteotomes 16a, 16b sized for use with acetabular cups of different sizes. Suitable spherical heads and osteotomes are selected depending upon the dimensions of the acetabular cup to be removed such that, when a corresponding spherical head and osteotome are attached to the instrument, the spacing between the osteotome blade and center of the spherical head corresponds to the spacing between the center of the recess in the acetabular cup liner and the rim of the acetabular cup.

Osteotomes 16a, 16b may be interchangeably connected to head 24 of instrument 12. Osteotome 16b is shown in FIGS. 6 and 7, and includes head portion 36 with curved blade 38b extending therefrom. Blade 38b includes end cutting surface 40 and a pair of side cutting surfaces 42. Head portion 36 of osteotome 16b also includes tooth 43, and slot 44 having semi-annular ledge 46.

Referring again to FIG. 1, osteotome instrument 12 further includes an osteotome-receiving recess 48 in head 24 thereof, having notch 52. Osteotome clamping screw 50 is disposed within recess 48 and threaded into head 24 of osteotome instrument 12. Osteotome clamping screw 50 is moveable between loosened and tightened positions, and further, may be retained by head 24 in the loosened position to prevent detachment of osteotome clamping screw 50 to simplify the interchanging of osteotomes 16a, 16b during a surgical procedure. As shown in FIG. 1, to attach an osteotome, such as osteotome 16a, for example, to instrument 12, osteotome 16a is placed within recess 48 such that osteotome clamping screw 50 is disposed within slot 44 of osteotome 16a, and tooth 43 of osteotome 16a is fitted within notch 52 of head 24, with blade clamping screw 50 in a loosened position. Thereafter, osteotome clamping screw 50 is tightened using torque wrench 18 and adaptor 20 such that head 51 of osteotome clamping screw 50 engages ledge 46 of osteotome 16a to secure osteotome 16a to instrument 12. Torque wrench 18 may be adjusted to deliver a predetermined amount of torque to osteotome clamping screw 50, to prevent head 51 of osteotome clamping screw 50 from being tightened onto ledge 46 of osteotome 16a beyond a desired clamping force.

Referring to FIGS. 2–5, the use of osteotome instrument 12 to remove an acetabular cup 60 will now be described. As shown in FIGS. 2 and 3, a first osteotome 16a having short blade 38a is attached to instrument 12 as described above. Then, spherical head 14 of osteotome instrument 12 is seated within hemispherical recess 64 of liner 62 of acetabular cup 60, which is anchored in acetabulum 58. Rod 53 may be pressed against indentation 54 in rear side 56 of head 24 to aid in seating spherical head 14 within recess 64 of acetabular cup 60. As shown in FIG. 3, blade 38a of osteotome 16a

5

is spaced a distance from the center of spherical head 14 which corresponds to the distance between the center of recess 64, or the center of spherical head 14, and rim 66 of acetabular cup 60, such that blade 38a is disposed closely adjacent outer hemispherical surface 68 of acetabular cup 60.

Handle shaft 22 of instrument 12 may be pivoted as shown in FIG. 4, such that blade 38a moves along the path of arrow 70, and end cutting surface 40 of blade 38a cuts bone 59 around outer hemispherical surface 68 of acetabular cup 60 in a direction from rim 66 toward apex 69 of acetabular cup 60. Thereafter, handle shaft 22 of instrument 12 may be pivoted in the reverse direction along the path of arrow 70 to withdraw blade 38a, wherein during such withdrawal, the engagement between tooth 43 of osteotome 16a within notch 52 in head 24 of instrument 12 prevents disengagement of osteotome 16a from instrument 12 in the event that blade clamping screw 50 is not sufficiently tightened. Impaction head 26 (FIGS. 1 and 2) may be struck with a mallet (not shown) as needed to drive blade 38a of osteotome 16a through bone 59 adjacent acetabulum 58.

Handle lever 27 (FIG. 2) of instrument 12 may be used to rotate instrument 12 such that blade 38a of osteotome 16a is moved to a position radially spaced from the first cut location, and handle shaft 22 may be pivoted to effect another cut from rim 66 toward apex 69 of acetabular cup 60. In this manner, several cuts may be made circumferentially about rim 66 of acetabular cup 60 to cut bone 59 away from acetabular cup 60 to a first depth D₁, which generally corresponds to the length of short blade 38a. Additionally, as shown by arrow 71 in FIG. 4, handle lever 27 of instrument 12 may be used to rotate blade 38a, striking handle lever 27 as necessary with a mallet (not shown), to make an orbital cut about the outer hemispherical surface 68 of acetabular cup 60 using side cutting surfaces 42 of blade 38a.

Advantageously, as may be seen in FIGS. 4 and 5, blade 38a is spaced closely adjacent outer hemispherical surface 68 of acetabular cup 60 during the cutting procedure described above, allowing bone 59 around acetabular cup 60 to be cut closely adjacent to acetabular cup 60, such that loss of bone 59 is minimized.

As shown in FIG. 5, a second osteotome 16b having long blade 38b may be attached to head 24 of instrument 12 as described above, wherein blade 38b extends to apex 69 of acetabular cup 60 when instrument 12 is pivoted along the direction of arrow 70. Instrument 12, with osteotome 16b attached thereto, is used in the same manner as described above to cut bone 59 surrounding acetabular cup 60 from first depth D₁ to a second depth D₂ at apex 69 of acetabular cup 60. After bone 59 surrounding acetabular cup 60 is cut away therefrom, acetabular cup 60 may be removed from acetabulum 61, leaving an intact, hemispherical recess in acetabulum 58 into which a replacement acetabular cup (not shown) may be easily fitted.

While this invention has been described as having a preferred design, the present invention can be further modified within the spirit and scope of this disclosure. This application is therefore intended to cover any variations, uses, or adaptations of the invention using its general principles. Further, this application is intended to cover such departures from the present disclosure as come within known or customary practice in the art to which this invention pertains and which fall within the limits of the appended claims.

What is claimed is:

1. An apparatus for removing an acetabular cup from an acetabulum, said apparatus comprising:

6

a handle;

a pivot element connected to said handle, said pivot element dimensioned to be received within an acetabular cup; and

a blade connected to said handle and spaced from said pivot element, such that when said pivot element is received within said acetabular cup, said blade is disposed externally of said acetabular cup closely adjacent an outer surface of said acetabular cup.

2. The apparatus of claim 1, wherein said pivot element is a spherical head, wherein at least a portion of said spherical head is spherically shaped.

3. The apparatus of claim 1, wherein the acetabular cup includes a hemispherical outer surface, and said blade is curved to conform to the outer surface.

4. The apparatus of claim 1, wherein said handle includes a head portion, and each of said pivot element and said blade are removably attached to said head portion.

5. The apparatus of claim 4, wherein said head portion includes a clamping member for securing one of said blade thereto.

6. The apparatus of claim 4, wherein said head portion includes one of a tooth and a notch and said blade includes the other of said tooth and said notch, said tooth and said notch engaging one another to prevent relative sliding movement between said head portion and said blade.

7. The apparatus of claim 1, wherein said handle includes a head portion disposed on a first end thereof to which said pivot element and said blade are removably attached, and a second end opposite said first end and including a shaft disposed substantially perpendicular to said handle.

8. A kit for removing an acetabular cup from an acetabulum, comprising:

an osteotome instrument;

a spherical head removably mountable to said instrument, said spherical head sized to be received within an acetabular cup; and

a blade removably mountable to said instrument.

9. The kit of claim 8, wherein said blade is curved to conform to the outer surface of an acetabular cup having a hemispherical outer surface.

10. The kit of claim 8, including a plurality of said spherical heads of different sizes, said spherical heads respectively dimensioned to be received within acetabular cups of different sizes.

11. The kit of claim 8, including a plurality of said blades, said blades having respectively different lengths.

12. The kit of claim 8, wherein said instrument includes a handle and a head portion, said spherical head and said blade removably attached to said head portion.

13. The kit of claim 12, wherein said head portion includes one of a tooth and a notch and said blade includes the other of said tooth and said notch, said tooth and said notch engaging one another to prevent relative sliding movement between said head portion and said blade.

14. The kit of claim 8, wherein said instrument further includes a clamping member for securing one of said blades thereto, and said kit further includes a tool operable with said clamping member to secure said blade to said instrument and to release said blade from said instrument.

15. The kit of claim 8, wherein at least a portion of said spherical head is spherically shaped, said spherical head further including at least one indentation within said spherically shaped portion.

16. A method for removing an acetabular cup from an acetabulum, the acetabular cup having an outer surface, said method comprising the steps of:

US 6,565,575 B2

7

providing an instrument including a spherical head and a blade, the spherical head and the blade spaced from one another;

seating the spherical head within the acetabular cup;

moving the instrument to make a series of cuts with the blade which are closely adjacent the outer surface of the acetabular cup; and

removing the acetabular cup from the acetabulum.

**17**. The method of claim **16**, further including, before said providing step, the additional steps of:

8

selecting a spherical head from a plurality of spherical heads of different sizes; and

attaching the spherical head to the instrument.

**18**. The method of claim **17**, further including, before said providing step, the additional steps of:

selecting a blade from a plurality of blades of different lengths; and

attaching the blade to the instrument.

* * * * *

# EXHIBIT  C

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Chusty Winters

☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

1. Article Addressed to:

Innomed, Inc.
103 Estus Drive
Savannah, GA 31404

3. Service Type
☐ Certified Mail    ☐ Express Mail
☒ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    RB 420 632 016 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

SAVANNAH GA 314
PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Richard K. Herrmann
Morris James Hitchens + Williams
222 Delaware Ave, 10th Floor
Wilmington, DE 19801

# EXHIBIT   D



**Registered No.** RB 420 632 016 US    **Date Stamp**

| | | | |
|---|---|---|---|
| Reg. Fee $ 7.50 | Special $ Delivery | | |
| Handling $ Charge | Return $ .75 Receipt | | |
| Postage $ .06 | Restricted $ Delivery | | |
| Received by | | | RKH |

To Be Completed By Post Office

Customer Must Declare    ☐ With Postal Insurance
Full Value $    ☐ Without Postal Insurance

Domestic Insurance is limited to $25,000. International Indemnity is limited. (See Reverse).

FROM Richard L. Herrman Morris James, 222 Del. Ave. 10th Flr Wilmington, DE 19801

TO Innomed Inc.
103 Estus Drive
Savannah, GA 31404

To Be Completed By Customer (Please Print)
All Entries Must Be in Ballpoint or Typed

PS Form **3806**,    **Receipt for Registered Mail**    (Customer Copy)
February 1995    (See Information on Reverse)